IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**VICTOR JACKSON, II, #71999-018**                                                                                  **PETITIONER**

**V.**                                                              **CIVIL ACTION NO. 3:23CV227 CWR-LGI**

**WARDEN C. HARRISON**                                                                                                  **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Victor Jackson files this 28 U.S.C. § 2241 petition seeking judicial review of his sentence computation by the Federal Bureau of Prisons ("BOP"). Jackson, who is currently serving an enhanced sentence for Conspiracy to Distribute Fentanyl and Possession with the Intent to Distributive Fentanyl while in possession of a firearm, challenges BOP's refusal to grant him a one-year sentence reduction for completing the Residential Drug Abuse Program ("RDAP"). 18 U.S.C. § 3621(e)(2)(B). Respondent asserts the petition should be dismissed for failure to exhaust administrative remedies, or alternatively on the merits. Having considered the parities' submissions and the applicable law, the undersigned recommends that the petition be dismissed for failure to exhaust administrative remedies.

As an incentive, section 3621(e)(2)(B) provides that certain federal prisoners convicted of nonviolent offenses who remain in custody after completing treatment in a RDAP may receive a reduction in their sentences of up to one year. 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau

of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve"). The program consists of several phases including a unit-based component, which occurs in the correctional facility, and a transitional component that typically occurs in a halfway house post-release. In analyzing the statutory language of § 3621(e)(2)(B), the United States Supreme Court has made clear, that "[w]hen an eligible prisoner successfully completes drug treatment, the Bureau has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." *Lopez v. Davis*, 531 U.S. 230, 241, 121 S. Ct. 714, 148 L. Ed. 2d 635 (2001). The BOP has considerable discretion to determine which prisoners may participate in the treatment programs and which prisoners are eligible for sentence reductions. *Venegas v. Henman*, 126 F.3d 760, 762 (5th Cir. 1997).

Although permitted to participate in the RDAP, records show that Jackson was advised that his eligibility for early release was subject to legal review by BOP's Designation and Sentence Computation Center. As cautioned, upon reviewing Jackson's underlying offenses, prison officials determined that he was not eligible for the one-year sentence reduction because his sentence contains a two-point enhancement for possession of a firearm at the time of the offense. BOP specifically noted that Jackson "received and the court adopted the [specific offender enhancement] for weapons." Federal regulations categorically exclude from early-release consideration inmates whose current felony offense involves "the carrying, possession, or use of a firearm or other dangerous weapon." 28 C.F.R. § 550.55(b)(5)(ii). BOP Policy, as outlined in Program Statement No. 5162.05, also excludes prisoners with weapon-possession sentence enhancements

2

under the sentencing guidelines from eligibility. *See* U.S. Sentencing Guideline Manual § 2D1.1(b)(1) (U.S. Sentencing Comm'n 2014) ("If a dangerous weapon (including a firearm) was possessed, increase by 2 levels."). *See also Warren v. Miles*, 230 F.3d 688, 693 (5th Cir. 2000) ("section 3621(e)(2)(B) grants the BOP broad discretion to exclude from early release consideration prisoners serving sentences . . . that were enhanced for possession of a dangerous weapon"). Moreover, the Fifth Circuit has long held that BOP's "exclusion of felon-in-possession of a weapon convictions and drug convictions with enhanced sentences due to possession of a weapon from eligibility for early release after substance abuse treatment is consistent with the letter and spirit of the Bureau's authority as derived from section 3621(e)." *Venegas*, 126 F.3d at 765

Respondent argues Jackson's petition should be dismissed for failure to exhaust administrative remedies. Jackson does not dispute his failure to exhaust, and he appears to concede that a weapons enhancement precludes early release under § 3621(e)(2)(B). However, he asserts that neither his "PSI nor the J&C order" included a weapons enhancement. Aggrieved, he contends that exhaustion would be futile because it would only delay his early release and be denied.

## Discussion

An inmate challenging the computation and execution of his sentence must complete all steps in the administrative remedies process before filing a 28 U.S.C. § 2241 habeas petition. *Woodford v. Ngo*, 548 U.S. 81, 89–92, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006); *Qattoum v. Gillis*, No. 5:18-CV-137-DCB-MTP, 2020 WL 2841784, at *3 (S.D. Miss. June 1, 2020) (petitioner must exhaust his FSA claim for Earned Time Credit

3

with the BOP before filing federal habeas petition). *See also Taylor v. Warden, FCI Beaumont*, No. 1:20-CV-492, 2021 WL 3924082, at *2 (E.D. Tex. July 28, 2021), *report and recommendation adopted,* No. 1:20-CV-492, 2021 WL 3912744 (E.D. Tex. Sept. 1, 2021) (same). Petitioners must pursue the "grievance remedy to conclusion." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001); *Porter v. Peterson*, 747 F. App'x 247, 248 (5th Cir. 2019). But when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," petitioners need not exhaust administrative remedies. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). "Exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" i.e., where the administrative remedies are rendered unavailable, and the "[petitioner] bears the burden of demonstrating the futility of administrative review." *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (quoting *Fuller*, 11 F.3d at 62). If an inmate shows an applicable exception to the exhaustion requirement, the inmate may obtain a ruling on the merits despite a lack of exhaustion.

The BOP establishes a four-step administrative remedies process for inmates seeking formal review of issues relating to their confinement. 28 C.F.R. §§ 542.10–542.19. An inmate must first file a BP-8 form requesting informal resolution. If this is unsuccessful, the inmate must submit a formal written Administrative Remedy Request directly to the Warden through a BP-9 form within 20 days after the basis for the grievance occurred. Within 20 days of the Warden's response, the inmate may appeal to

the Regional Director by filing a BP-10 form. If not satisfied with the Regional Director's response, the inmate may appeal by submitting a BP-11 form to the General Counsel within 30 days. Upon completing this multiple-tiered review process, the inmate has exhausted his administrative remedies.

As evidence of the failure to exhaust, Respondent submits Jackson's administrative history and an affidavit from Michael FiggsGanter, Attorney Advisor at FCC Yazoo with access to and knowledge of "SENTRY"— a computer records system that tracks an inmate's use of the BOP's administrative remedies program. A search of SENTRY's record system reveals no administrative remedies filed by Jackson since his incarceration. But as noted, Jackson admits that he did not pursue his administrative remedies. To have done so, he contends would have been futile because it would have delayed his transfer to a designated halfway house. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.1994) (per curiam) (excusing exhaustion where to do so would be "clearly futile"). Jackson cannot bypass exhaustion because he fears it would be futile. He bears the burden of proving the futility of administrative review. *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017) (citing *Fuller*, 11 F.3d at 62). He has not shown or alleged that administrative remedies were rendered unavailable to him, or that extraordinary circumstances warrant an exception to the exhaustion requirement. *See Fuller*, 11 F.3d at 62.

For these reasons, the undersigned recommends that Jackson's petition be dismissed for failure to exhaust administrative remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, will bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on April 30, 2024.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE
